IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABDUSH-SHAHID FAROOQ,**

    **Petitioner,**

    **vs.**
                                               Civil Action 2:97-cv-838
                                                  Judge Marbley
                                                  Magistrate Judge King

**HARRY RUSSELL,**

    **Respondent.**

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on petitioner's *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 22, and on petitioner's *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4)*, ECF No. 21. Because this motion is the functional equivalent of a successive habeas corpus petition within the meaning of 28 U.S.C. § 2244(b)(3)(A), it must be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner's *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 22, is **DENIED.**

Petitioner, a state prisoner, originally filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 in July 1997, presenting eleven (11) substantive challenges to his 1995 convictions in the Franklin County Court of Common Pleas on two counts of aggravated murder. Final judgment dismissing those claims on the merits was entered on February 8, 1999. *Judgment*, ECF No. 12. That judgment was affirmed by the United States Court of Appeals, *Farooq v. Russell*,

1

Case No. 99-3242, 2000 WL 658963 (6th Cir. May 12, 2000), and the United States Supreme Court denied petitioner's petition for a writ of *certiorari. Farooq v. Russell*, 531 U.S. 898 (2000).

Proceeding under the name Timothy Grinnell, petitioner filed a second habeas corpus action in this Court in 2013, again challenging his murder convictions. *Grinnell v. Warden, Ross Correctional Institution*, 2:13-cv-776. Petitioner specifically claimed in that action that certain defects in connection with the filing of the state trial court's verdict and judgment rendered his conviction void. This Court characterized that second habeas corpus action as a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A) and transferred the matter to the United States Court of Appeals for the Sixth Circuit. *Id., Opinion and Order* (S.D. Ohio Sept. 18, 2013). The Court of Appeals denied permission to file a second or successive petition, *In re Timothy Grinnell*, Case No. 13-4092 (6th Cir. Feb. 26, 2014), and the United States Supreme Court denied the petition for a writ of habeas corpus filed by petitioner in that Court. *In re Timothy Grinnell*, 135 S.Ct. 219 (2014).

Petitioner filed a third challenge to his state court murder convictions in this Court in March 2015. *Grinnell v. Warden, Chillicothe Correctional Institution*, 2:15-cv-973. Taking the position that his state court judgment of conviction is void (because of defects in connection with the verdict form and with the filing of the judgment), petitioner specifically invoked the provisions of Rule 60(b)(4) of the Federal Rules of Civil Procedure and argued that the prior judgments of this Court were also void. This Court construed

2

that action as a successive petition and transferred the matter to the United States Court of Appeals for the Sixth Circuit. *Id., Order* (S.D. Ohio April 17, 2015). On May 5, 2015, the Court of Appeals granted petitioner's motion to voluntarily dismiss that petition. *In re: Timothy D. Grinnell,* Case No. 15-3421 (6th Cir. May 5, 2015).

In this, petitioner's fourth, federal challenge to his 1995 murder convictions, petitioner argues that, because the verdict form and the judgment in the state court did not conform to the requirements of the Ohio Rules of Criminal Procedure, his state court conviction is void and the judgment entered in this action dismissing his first habeas corpus action on the merits is likewise void. In making this argument, petitioner invokes Rule 60(b)(4) of the Federal Rules of Civil Procedure.

However, a true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). Where "[a] Rule 60(b) motion . . . . attempts 'to add a new ground for relief [it] is effectively'" a new habeas corpus action. *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532). A successive petition for a writ of habeas corpus must be transferred to the Court of Appeals notwithstanding its invocation of Rule 60(b) of the Federal Rules of Civil Procedure. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner's current motion is a successive petition notwithstanding petitioner's invocation of Rule 60(b). The motion

3

does not attack the integrity of this Court earlier judgment, but instead attempts to assert a challenge to his 1995 convictions that he did not present in the original *Petition*. This Court considered the merits of petitioner's previous challenges to his convictions earlier in this action. Petitioner's current motion, which again attempts to challenge his 1995 state court convictions, therefore constitutes a successive petition. This Court lacks authority to entertain that challenge unless authorized to do so by the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

It is therefore **RECOMMENDED** that petitioner's *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4)*, ECF No. 21, be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's *Motion for Leave to Proceed in Forma Pauperis*, ECF No. 22, is **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                          *s/Norah McCann King*
                          Norah M<sup>c</sup>Cann King
                      United States Magistrate Judge

November 30, 2015