**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ABDUSH-SHAHID FAROOQ,**

      **Petitioner,**

   **vs.**
                                       **Civil Action 2:97-cv-838
                                         Judge Marbley
                                         Magistrate Judge King**

**HARRY RUSSELL,**

      **Respondent.**

**OPINION AND ORDER**

Petitioner has filed a number of petitions pursuant to 28 U.S.C. § 2254 challenging his 1995 murder convictions.[1] The United States Magistrate Judge construed petitioner's November 23, 2015 *Motion for Relief from Void Judgment*, ECF No. 21, as a successive petition and recommended that the motion be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. §§

---

[1] Final judgment dismissing the original petition in this case was entered by this Court on February 8, 1999. *Judgment*, ECF No. 12. That judgment was affirmed by the United States Court of Appeals, *Farooq v. Russell*, Case No. 99-3242, 2000 WL 658963 (6th Cir. May 12, 2000), and the United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Farooq v. Russell*, 531 U.S. 898 (2000). Petitioner filed a second habeas corpus action in this Court in 2013, again challenging his murder convictions. *Grinnell v. Warden, Ross Correctional Institution*, 2:13-cv-776. This Court transferred that action to the United States Court of Appeals for the Sixth Circuit. *Id., Opinion and Order* (S.D. Ohio Sept. 18, 2013). The Court of Appeals denied permission to file a second or successive petition, *In re Timothy Grinnell*, Case No. 13-4092 (6th Cir. Feb. 26, 2014), and the United States Supreme Court denied the petition for a writ of habeas corpus filed by petitioner in that Court. *In re Timothy Grinnell*, 135 S.Ct. 219 (2014). Invoking the provisions of Rule 60(b)(4) of the Federal Rules of Civil Procedure, petitioner filed a third challenge to his state court murder convictions in this Court in March 2015. *Grinnell v. Warden, Chillicothe Correctional Institution*, 2:15-cv-973. This Court construed that action as a successive petition and transferred the matter to the United States Court of Appeals for the Sixth Circuit. *Id., Order* (S.D. Ohio April 17, 2015). On May 5, 2015, the Court of Appeals granted petitioner's motion to voluntarily dismiss that petition. *In re: Timothy D. Grinnell,* Case No. 15-3421 (6th Cir. May 5, 2015).

2244(b)(3)(A), 1631. *Order and Report and Recommendation*, ECF No. 23. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). The Magistrate Judge also recommended that petitioner's November 30, 2015 motion for leave to proceed *in forma pauperis*, ECF No. 22, be denied. *Order and Report and Recommendation.* The Magistrate Judge thereafter denied petitioner's *Motion to Amend Motion for Relief from Void Judgment*, ECF No. 25, and granted petitioner an extension of time to object to the *Order and Report and Recommendation*, ECF No. 23. *Order*, ECF No. 27; Order, ECF No. 28.

This matter is now before the Court on petitioner's January 27, 2016 objection to the *Order and Report and Recommendation, Objection*, ECF No. 29, and on petitioner's January 27, 2016 *Motion to Amend the Motion for Relief from Void Judgment*, ECF No. 30. Petitioner takes the position that, with the grant of his *Motion to Amend the Motion for Relief from Void Judgment*, ECF No. 30, the Magistrate Judge's recommendation that the matter be transferred to the Sixth Circuit should be overruled.

Petitioner's original *Motion for Relief from Void Judgment*, ECF No. 21, argues that, because the verdict form and the judgment in the state court did not conform to the requirements of the Ohio Rules of Criminal Procedure, his state court conviction is void and the judgment entered in this action dismissing his first habeas corpus action on the merits is likewise void and should be vacated pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  In his January 27, 2015 *Motion to Amend Motion for Relief from Void Judgment*, petitioner recognizes that a true Rule 60(b) motion must attack some

2

defect in the integrity of the federal habeas proceedings. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). *See also In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007)("A Rule 60(b) motion [that] attempts 'to add a new ground for relief [it] is effectively'" a successive habeas corpus petition). Attempting to avoid this result, petitioner's current proposed *Amended Motion for Relief from Void Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)*, attached to ECF No. 30, argues that this Court's February 8, 1999 *Judgment* should be vacated

> because the record that was before this court for review
> did not contain the imposition of sentence and thus no
> final judgment which could be a subject of an appeal,
> divesting this court of subject-matter jurisdiction to
> enter a judgment denying petitioner habeas petition.

*Amended Motion for Relief from Void Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4)*, attached to ECF No. 30, PAGEID# 141.

Petitioner's renewed attempt to amend the *Motion for Relief from Void Judgment* so as to avoid the characterization of the motion as a successive petition is wholly without merit. Petitioner's most recent proposed amended motion for relief from judgment simply attempts to assert a new challenge to petitioner's 1995 convictions that was not presented in the original *Petition*. This Court considered the merits of petitioner's first challenge to his convictions in 1999. Petitioner now attempts to argue that an additional defect in the underlying state court criminal proceedings divested this Court of jurisdiction to consider the merits of his first challenge to those convictions. Petitioner's current motion, which again attempts to challenge his

3

1995 state court convictions, is not a proper motion for relief from judgment but instead constitutes a successive petition. This Court lacks authority to entertain that challenge unless authorized to do so by the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly, petitioner's January 27, 2016 *Motion to Amend the Motion for Relief from Void Judgment*, ECF No. 30, is **DENIED**.

The *Order and Report and Recommendation*, ECF No. 23, is **ADOPTED AND AFFIRMED.** Petitioner's *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4)*, ECF No. 21, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge
