IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABDUSH-SHAHID FAROOQ,

      Petitioner,

                                                   Civil Action 2:97-cv-838
vs.                                                Judge Marbley
                                                   Magistrate Judge King

HARRY RUSSELL,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, originally filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 in July 1997, presenting eleven (11) substantive challenges to his 1995 conviction in the Franklin County Court of Common Pleas on two counts of aggravated murder. Final judgment dismissing those habeas claims on the merits was entered by this Court on February 8, 1999. *Judgment*, ECF No. 12. That judgment was affirmed by the United States Court of Appeals for the Sixth Circuit, *Farooq v. Russell*, Case No. 99-3242, 2000 WL 658963 (6th Cir. May 12, 2000), and the United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Farooq v. Russell*, 531 U.S. 898 (2000). On February 2, 2016, this Court construed petitioner's November 23, 2015 motion for relief from judgment, *see* Fed. R. Civ. P. 60(b)(4), as a successive habeas corpus petition within the meaning of 28 U.S.C. § 2244(b)(3)(A)

and transferred the matter to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). *Opinion and Order*, ECF No. 31.[1]

This matter is now before the Court on petitioner's *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4),* ECF No. 34 ("*Motion for Relief from Void Judgment*"). In it, Petitioner asks that this Court vacate its February 1999 judgment and "remand this case back to the state court with direction to dismiss the indictment . . ., and expunge the underlying criminal charges from petitioner's record." *Motion for Relief from Void Judgment*, PAGEID169-70.

A successive petition for a writ of habeas corpus must be transferred to the Court of Appeals. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d at 47. However, a true motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure – *i.e.*, a motion that attacks some defect in the integrity of the federal habeas proceedings - is not a successive petition and may proceed without prior authorization from the Court of Appeals. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).

Petitioner's current *Motion for Relief from Void Judgment* argues that this Court lacked subject matter jurisdiction when it entered final judgment in February 1999 because "this court did not follow relevant law or procedure in securing a final, appealable, order from the state

---

[1] Petitioner has filed quite a number of federal habeas corpus challenges to his 1995 state court conviction, proceeding under the names of Abdush-Shahid Farooq or Timothy Grinnell: Petitioner's second habeas corpus action was filed in this Court in 2013. *Grinnell v.Warden, Ross Correctional Institution*, 2:13-cv-776. This Court transferred that action to the United States Court of Appeals for the Sixth Circuit. *Id., Opinion and Order* (S.D. Ohio Sept. 18, 2013). The Court of Appeals denied permission to file a second or successive petition, *In re Timothy Grinnell*, Case No. 13-4092 (6th Cir. Feb. 26, 2014), and the United States Supreme Court denied the petition for a writ of habeas corpus filed by petitioner in that Court. *In re Timothy Grinnell*, 135 S.Ct. 219 (2014). Invoking the provisions of Rule 60(b)(4) of the Federal Rules of Civil Procedure, petitioner filed a third challenge to his 1995 state court murder conviction in this Court in March 2015. *Grinnell v. Warden, Chillicothe Correctional Institution*, 2:15-cv-973. This Court construed that action as a successive petition and transferred the matter to the United States Court of Appeals for the Sixth Circuit. *Id., Order* (S.D. Ohio April 17, 2015). On May 5, 2015, the Court of Appeals granted petitioner's motion to voluntarily dismiss that petition. *In re: Timothy D. Grinnell,* Case No. 15-3421 (6th Cir. May 5, 2015).

2

court." *Motion for Relief from Void Judgment*, PAGEID 166-67. This Court concludes that the current *Motion for Relief from Void Judgment* is not a successive petition, and that the Court may entertain the merits of the motion without prior authorization by the Court of Appeals. However, the Court also concludes that the current motion is without merit.

The *Motion for Relief from Void Judgment* invokes 28 U.S.C. § 158(a)(1) and argues that, because the state court's judgment was not final or was otherwise invalid, this Court lacked jurisdiction to enter judgment in February 1999. However, § 158(a)(1), which governs appeals to district courts from judgments and orders of bankruptcy judges, is simply inapplicable to these habeas corpus proceedings. Section 1447 of Title 28 of the United States Code – which petitioner invokes in requesting the remand of the action to the state court – addresses cases that have been removed to a federal court from a state court and is likewise inapplicable to these habeas corpus proceedings. This Court unquestionably had subject matter jurisdiction over petitioner's habeas corpus challenge to his 1995 state court conviction. *See* 28 U.S.C. §§ 2241(a), 2254(a).

It is therefore **RECOMMENDED** that petitioner's *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4),* ECF No. 34, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and

of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                *s/Norah McCann King*
                Norah M<sup>c</sup>Cann King
               United States Magistrate Judge

June 22, 2016