# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ABDUSH-SHAHID FAROOQ,**

      **Petitioner,**

  **vs.**

                             **Civil Action 2:97-cv-838**
                              **Judge Marbley**
                              **Magistrate Judge King**

**HARRY RUSSELL,**

      **Respondent.**

## OPINION AND ORDER

This action for a writ of habeas corpus under 28 U.S.C. § 2254 was originally filed in July 1997, and was dismissed on the merits on February 8, 1999. *Judgment* (ECF No. 12).[1] On June 22, 2016, the United States Magistrate Judge recommended that Petitioner's June 20, 2016 *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4)* (ECF No. 34) ("*Motion for Relief from Void Judgment*") be denied. *Report and Recommendation* (ECF No. 35). This matter is now before the Court on Petitioner's objection to that recommendation, *Objection* (ECF No. 41), and on *Petitioner's Motion to Take Judicial Notice*

---

[1] Petitioner has filed a number of challenges in this Court to his 1995 state court conviction on two counts of aggravated murder. Petitioner filed a second habeas corpus action under the name Timothy Grinnell, *Grinnell v.Warden, Ross Correctional Institution*, 2:13-cv-776. This Court transferred that action to the United States Court of Appeals for the Sixth Circuit. *Id., Opinion and Order* (S.D. Ohio Sept. 18, 2013). The Court of Appeals denied permission to file a second or successive petition, *In re Timothy Grinnell*, Case No. 13-4092 (6th Cir. Feb. 26, 2014), and the United States Supreme Court denied the petition for a writ of habeas corpus filed by petitioner in that Court. *In re Timothy Grinnell*, 135 S.Ct. 219 (2014). Invoking the provisions of Rule 60(b)(4) of the Federal Rules of Civil Procedure, petitioner filed a third challenge to his 1995 state court murder conviction in this Court in March 2015. *Grinnell v. Warden, Chillicothe Correctional Institution*, 2:15-cv-973. This Court construed that action as a successive petition and transferred the matter to the United States Court of Appeals for the Sixth Circuit. *Id., Order* (S.D. Ohio April 17, 2015). On May 5, 2015, the Court of Appeals granted petitioner's motion to voluntarily dismiss that petition. *In re: Timothy D. Grinnell,* Case No. 15-3421 (6th Cir. May 5, 2015).

(ECF No. 42). The Court will consider the matter *de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The *Motion for Relief from Void Judgment* asks that this Court vacate its February 1999 judgment and "remand this case back to the state court with direction to dismiss the indictment . . ., and expunge the underlying criminal charges from petitioner's record." *Motion for Relief from Void Judgment*, PAGEID169-70.  Petitioner specifically argues that this Court lacked subject matter jurisdiction when it entered final judgment in February 1999 because "this court did not follow relevant law or procedure in securing a final, appealable, order from the state court." *Motion for Relief from Void Judgment*, PAGEID 166-67.  The Magistrate Judge first considered whether the merits of the motion may properly be considered by this Court or, instead, whether the motion must be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition under 28 U.S.C. § 2244(b)(1)(A). *Report and Recommendation*, PAGEID 186.[2] The Magistrate Judge construed the *Motion for Relief from Void Judgment* as a true motion under Rule 60(b) of the Federal Rules of Civil Procedure because it does not purport to attack the substance of this Court's 1999 judgment but, rather, alleges a defect in the integrity of the prior proceedings. *Id.*

The Magistrate Judge therefore went on to consider the merits of the *Motion for Relief from Void Judgment,* but concluded that the motion is without merit. *Report and Recommendation*, PAGEID 186. Specifically, the Magistrate Judge reasoned that the bases of

---

[2] A successive petition for a writ of habeas corpus must be transferred to the appropriate Court of Appeals for authorization. 28 U.S.C. § 2244(b)(2); *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). However, a true motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure – *i.e.*, a motion that attacks some defect in the integrity of the federal habeas proceedings - is not a successive petition and may proceed in the District Court without prior authorization from the Court of Appeals.  *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).

Petitioner's challenge to the Court's jurisdiction, 28 U.S.C. § 158(a)(1),[3] and 28 U.S.C. § 1447,[4] were simply inapplicable. "This Court unquestionably had subject matter jurisdiction over petitioner's habeas corpus challenge to his 1995 state court conviction. *See* 28 U.S.C. §§ 2241, 2254(a)." *Report and Recommendation*, PAGEID 186.

In his *Objection*, Petitioner insists that "the fact still remain[s] that this court['s] judgment is void because this court did not secure a final judgment from the state court[,] rendering this court powerless to enter its February 8, 1999 judgment." *Id*. at PAGEID 198. In making this argument, Petitioner appears to misapprehend the nature of a habeas corpus action. True appeals ordinarily require a final, appealable judgment. *See, e.g.,* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State . . . may be reviewed by the Supreme Court by writ of certiorari . . . ."); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ."). However, a habeas corpus action under 28 U.S.C. § 2254 is not an appeal from a state court conviction.  Rather, federal courts are expressly granted the jurisdiction to grant a writ of habeas corpus to, *inter alios*, prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3). *See also* 28 U.S.C. § 2254(a)("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Even if, as Petitioner argues,[5] the Franklin County Court of Common Pleas did not enter a final judgment that was valid under Ohio law, that fact would not divest this Court of jurisdiction to entertain Petitioner's original habeas corpus petition, which

---

[3] Section 158(a)(1) governs appeals to District Courts from the judgments and orders of Bankruptcy Judges.
[4] Section 1447 governs the procedures to be followed after the removal of a case from state court to a federal court.
[5] In recognizing Petitioner's argument in this regard, the Court does not intend to adopt that argument.

was filed in 1997 and dismissed in 1999. The challenge to this Court's jurisdiction, made in *Motion for Relief from Void Judgment,* is therefore without merit.

In short, Petitioner's objection to the *Report and Recommendation* are without merit. *Petitioner's Motion to Take Judicial Notice* (ECF No. 42), which incorporates the same argument presented in the *Objection* (ECF No. 41), is likewise without merit.

The *Report and Recommendation* (ECF No. 35) is **ADOPTED AND AFFIRMED**. The *Motion for Relief from Void Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4)* (ECF No. 34) and *Petitioner's Motion to Take Judicial Notice* (ECF No. 42) are **DENIED**.


                                      s/Algenon L. Marbley
                                          Algenon L. Marbley
                                   United States District Judge